76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John V. COLEN, Plaintiff-Appellant,
v.
UNITED STATES of America; State of California, Defendants-Appellees.
 No. 95-55622.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 30, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John V. Colen appeals pro se the district court's summary judgment in favor of the United States and its sua sponte dismissal of his action against the State of California in Colen's 42 U.S.C. § 1983 action. Colen alleged that his civil rights were violated when California suspended his driver's license and then, together with the federal government, conducted surveillance of Colen as he "travelled through many states." We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 * United States
 
 
 4
 We review de novo a district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). The district court properly granted summary judgment for the United States on Colen's surveillance claim. First, Colen's claim for damages against the United States is barred by sovereign immunity. See Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir.1985), cert. denied, 475 U.S. 1010 (1986). As to Colen's claims for injunctive relief, Colen failed to identify the names of the persons surveilling him or the United States agency responsible for the surveillance. The government submitted evidence that neither the FBI nor the DEA have surveilled Colen. In his opposition, Colen failed to present either any factual basis for his surveillance claim or any evidence supporting his allegations. Given these circumstances, the district court did not err by granting summary judgment for the United States. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (holding that where non-moving party will bear the burden of proof at trial, that party must go beyond the pleadings to show there exist genuine issue of material fact for trial).
 
 II
 California
 
 5
 We review for abuse of discretion a district court's dismissal prior to service of process. See Denton v. Hernandez, 504 U.S. 24, 33 (1992). The district court properly dismissed Colen's claims against the State of California because those claims are barred by the Eleventh Amendment. See Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir.1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.").[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not err by dismissing Colen's complaint without allowing him an opportunity to amend because amendment in this case would have been futile. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Moreover, given the lack of merit in Colen's substantive claims, the district court did not abuse its discretion by declining to enter a default judgment against California, see Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) or by denying Colen additional discovery. see Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1441 (9th Cir.1994)