### Narvelle M. EDMONSON, Plaintiff–Appellant,

v.

### CONTRA COSTA SUPERIOR COURT– RICHMOND; Joni T. Hiramoto, Judge of Contra Costa Superior Court, Richmond; Peter A. Berger, Contra Costa Superior Court, Richmond, Defendants–Appellees.

### No. 00–16260.

United States Court of Appeals, Ninth Circuit.

---

**3.** Counsel's motion to withdraw as counsel of record is GRANTED.

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

## MEMORANDUM[2]

Narvelle Edmonson ("Edmonson") appeals pro se from the district court's order granting defendants' motion to dismiss her 42 U.S.C. § 1983 action pursuant to Federal Rule of Civil Procedure 12(b)(6). Edmonson argues that defendants, Judge Joni T. Hiramoto, Judge Peter A. Berger, and the Superior Court of California, County of Contra Costa,[3] violated her constitutional rights during her 1998 state court negligence suit against Ralph's Grocery Company ("Ralph's"). We affirm the district court's dismissal of Edmonson's federal action.

■ Edmonson's claims against the Superior Court fail on immunity grounds. The Eleventh Amendment to the United States Constitution bars suits that seek either damages or injunctive relief against a state or an arm of the state. *Franceschi v. chwartz*, 57 F.3d 828, 831 (9th Cir. 1995)(per curiam). California municipal and superior courts are arms of the state. *Id.* at 831 (municipal courts); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (1987)(superior courts). We therefore affirm the portion

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. While Edmonson's underlying state court action was pending in municipal court, the California state courts unified and the name of the municipal court changed. Although this case is captioned *Edmonson v. Contra Costa County Superior Court Richmond et al.*, the current name of the court in which Edmonson's state suit was adjudicated is the "Superior Court of California, County of Contra Costa." For ease of reference, we herein refer to the defendant in the present action as the "Superior Court."

of the district court's order dismissing Edmonson's claims against the Superior Court.

■ Edmonson's claims against Judge Hiramoto and Judge Berger also fail on immunity grounds. Judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. *See Pierson v. Ray,* 386 U.S. 547, 553–559, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)(applying judicial immunity to actions under 42 U.S.C. § 1983). Edmonson claims that the judges violated her constitutional rights by failing to enter a default judgment against Ralph's, issuing adverse discovery rulings, awarding summary judgment to Ralph's, and denying Edmonson's post-trial motions while awarding attorneys fees to Ralph's. These acts were within the judicial capacities of Judge Berger and Judge Hiramoto. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986).

Edmonson argues that the judges are nevertheless not immune because some of the above listed acts were performed in the absence of jurisdiction. We disagree. Judge Berger and Judge Hiramoto were well within their jurisdiction to make judicial rulings in a case properly before them in the Superior Court, a court of general jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Therefore, the judges are entitled to judicial immunity and, consequently, Edmonson cannot state any claim on which relief can be granted against them. The district court's order dismissing Edmonson's action is therefore AFFIRMED.