Ernest J. FRANCESCHI, Jr.,
Esq., Plaintiff–Appellant,

v.

Kenneth SCHWARTZ, Commissioner
of South Orange County Municipal
Court, et al., Defendants–Appellees.

No. 94–55027.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 21, 1994 *.

Decided June 14, 1995.

---

* This case is appropriate for submission on the briefs and without oral argument per Fed. R.App.P. 34(a) and 9th Cir. R. 34–4.

Ernest J. Franceschi, Jr., Los Angeles, CA, for plaintiff-appellant.

Norman J. Watkins, Lynberg & Watkins, Santa Ana, CA, for defendants-appellees.

Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.

PER CURIAM:

Ernest J. Franceschi, Jr., a California attorney (State Bar No. 112893), appeals the judgment of the district court 1) dismissing his 42 U.S.C. § 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) and 2) awarding attorneys' fees to the defendants pursuant to 42 U.S.C. § 1988. We affirm.

I.

Franceschi bases his 42 U.S.C. § 1983 action upon the incidents which occurred at his arraignment in the South Orange County Municipal Court, County of Orange in June, 1992 on charges of illegally possessing more than one driver's license and making an unsafe lane change in violation of California

Vehicle Code §§ 12511 and 21658 respectively. Franceschi appeared before Commissioner Kenneth Schwartz. Prior to his appearance on that date, Franceschi had already missed one court hearing for his arraignment before Commissioner Schwartz in December, 1991. At that time, Commissioner Schwartz had issued a bench warrant for Franceschi's arrest and set bail at $2,500. Franceschi claims that he did not receive notice of this hearing until he received a letter informing him of the bench warrant.

During Franceschi's hearing in 1992, Commissioner Schwartz checked Franceschi's Department of Motor Vehicle record and discovered that Franceschi's driver's license had already been suspended. He instructed his bailiff to inform Franceschi of this fact. Commissioner Schwartz then asked Franceschi how he had arrived at the hearing. Franceschi responded that he had driven himself. When Commissioner Schwartz directed Franceschi to turn over his driver's license, Franceschi responded that he did not have it with him and then, on the basis of the Fifth Amendment, refused to produce the license or to respond to further questioning. He also invoked California Civil Procedure Code § 170.6 seeking to remove Commissioner Schwartz and to have the case reassigned to a sitting judge of the Municipal Court.

Commissioner Schwartz then reactivated his bench warrant and ordered that Franceschi be taken into custody. He also immediately transferred the case to the presiding judge of the Municipal Court and directed the bailiff to take Franceschi to the judge's courtroom to await a hearing. Prior to the transfer, Franceschi offered to post bail by personal check. Commissioner Schwartz informed Franceschi that he could only pay his bail in cash.

In July, 1992, Franceschi filed this action, pursuant to 42 U.S.C. § 1983 in federal district court against Commissioner Schwartz, the South Orange County Municipal Court, and the County of Orange. In November, 1993, the district court entered judgment for the defendants. Franceschi timely appealed.

■ We review *de novo* the district court's dismissal of a complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). *Everest and Jennings, Inc. v. American Motorists Ins. Co.,* 23 F.3d 226, 228 (9th Cir.1994). We review the district court's award of attorneys' fees pursuant to 42 U.S.C. § 1988 for an abuse of discretion. *Corder v. Brown,* 25 F.3d 833, 836 (9th Cir. 1994).

## II.

■ Franceschi's first contention is that the district court erred by dismissing his claim against Commissioner Schwartz on the basis of judicial immunity, because at the time he committed the alleged violations of § 1983 Commissioner Schwartz was not acting in a judicial capacity or alternatively was acting clearly and completely outside the scope of his jurisdiction. *See Stump v. Sparkman,* 435 U.S. 349, 356–57, 360, 98 S.Ct. 1099, 1104–05, 1106–07, 55 L.Ed.2d 331 (1978) (judges are absolutely immune from damage liability as long as 1) they performed a "judicial act" and 2) they did not act in the "clear absence of jurisdiction").

According to the California Government Code § 72190 (West 1976 & Supp.1994), municipal court commissioners are judicial officers who may, at the direction of the judges of the court, "have the same jurisdiction and exercise the same powers and duties as the judges of the court with respect to any infraction or small claims action." Franceschi challenges Commissioner Schwartz' actions in issuing a bench warrant and setting bail. The acts performed by Commissioner Schwartz were "judicial acts," because they were "functions normally performed by a judge." *Crooks v. Maynard,* 913 F.2d 699, 700 (9th Cir.1990).

■ Furthermore, Commissioner Schwartz did not act in the clear absence of all jurisdiction. "Jurisdiction is construed broadly where the issue is the immunity of a judge." *Id.* at 701. In addition, acts performed in "excess" of judicial authority do not deprive the judge of immunity. *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir.), *cert. denied,* 488 U.S. 995, 109 S.Ct. 561, 102 L.Ed.2d 587 (1988). Assuming that Commissioner Schwartz reactivated the bench warrant only after agreeing to transfer

the case to another judge, Commissioner Schwartz merely acted in excess of jurisdiction rather than in the clear absence of jurisdiction. *See Mullis v. U.S. Bankruptcy Court For the District of Nevada,* 828 F.2d 1385, 1389 (9th Cir.1987) (bankruptcy judge's actions after debtor filed notice of appeal may have been in excess of jurisdiction but were not in clear absence of jurisdiction), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). As a person performing "judge-like functions" that were not clearly outside the scope of his jurisdiction, Commissioner Schwartz is judicially immune from damage liability in this action. *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *O'Neil v. City of Lake Oswego,* 642 F.2d 367, 368 n. 3 (9th Cir.1981) (absolute judicial immunity applies to a § 1983 claim).

### III.

■ Franceschi's second contention is that the district court erred by dismissing his claim against the South Orange County Municipal Court ("municipal court") on the basis of Eleventh Amendment immunity, because the municipal court is an arm of the state. We reject this contention. The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an "arm of the state," its instrumentalities, or its agencies. *Durning v. Citibank, N.A.,* 950 F.2d 1419, 1422–23 (9th Cir.1991).

■ In determining whether an entity is an arm of the state, we look to "the way state law treats the entity." *Mitchell v. Los Angeles Community College District,* 861 F.2d 198, 201 (9th Cir.1988) (court reviewed state law to determine whether a community college was an arm of the state or was an independent entity not entitled to Eleventh Amendment immunity), *cert. denied,* 490 U.S. 1081, 109 S.Ct. 2102, 104 L.Ed.2d 663 (1989). We do so in an effort to assess the extent to which the entity "derives its power from the State and is ultimately regulated by the State." *See also Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir.1987) (the court found that a Superior Court of California was an arm of

the state, despite the fact that the County paid most of the Court's bills).

In *County of Sonoma v. Workers' Compensation Appeals Board,* 222 Cal.App.3d 1133, 1136–37, 272 Cal.Rptr. 297, 298 (Cal.Ct.App. 1990), the court concluded that municipal courts are part of the "hierarchical system of State courts":

> The system of courts in California is a statewide system, established by the State Constitution and the statutes enacted by the Legislature pursuant thereto. The workings, procedures, establishment, powers, makeup, and general constitution of municipal courts are State rather than municipal or local affairs. It is undisputed that the State Constitution and statutes give the State, not the counties, direction and control over municipal court judges.

Given the extensive control exercised by the state over the municipal courts, we conclude that the municipal court is an arm of the state. Thus it is protected from this lawsuit by Eleventh Amendment immunity.

### IV.

■ Franceschi's third contention is that the district court erred in dismissing his claim against Orange County, because Orange County failed to train or supervise Commissioner Schwartz. Franceschi argues that, pursuant to California Rule of Court, Appendix A–34, § 25, the presiding judge of the municipal court is responsible for the proper training and supervision of other municipal court judges and that the presiding judge failed to adequately train Commissioner Schwartz. Assuming that § 25 places such a duty on the presiding judge and that the presiding judge failed to fulfill it, Orange County is not responsible either for enforcing § 25 or for the actions of the presiding judge. For the reasons discussed in Section II, supra, the presiding judge is controlled by the state.

Franceschi has provided no other arguments or evidence to show that any policy or actions of Orange County, amounting to "deliberate indifference," or to a failure to train, resulted in an unconstitutional deprivation of Franceschi's rights. *City of Canton v. Harris,* 489 U.S. 378, 388–90, 109 S.Ct. 1197,

1204–06, 103 L.Ed.2d 412 (1989) (local government may be held liable under § 1983 for inadequate training only where the failure to train amounts to deliberate indifference to the rights of persons with whom government employees come into contact).

## V.

■ Finally, both sides request attorneys' fees, for the district court and appellate proceedings. The district court awarded attorneys' fees for the defendants in the amount of $10,079.00. Franceschi claims that the district court abused its discretion in so doing.

■ A district court may award attorneys' fees pursuant to 42 U.S.C. § 1988 to a prevailing civil rights defendant if the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious." *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 510, 130 L.Ed.2d 417 (1994). As an attorney, Franceschi knew or should have known that both Commissioner Schwartz and the municipal court were immune from his suit for money damages. Franceschi utterly failed to meet his burden of demonstrating why either of these entities was not entitled to immunity. The district court was justified in awarding attorneys' fees to the defendants, because Franceschi's action was unreasonable, frivolous, meritless, and vexatious.

■ The legal standard for awarding attorneys' fees to a prevailing defendant on appeal is the same as the standard governing a district court's decision to award attorneys' fees to a prevailing defendant. *Elks National Foundation v. Weber*, 942 F.2d 1480, 1485 (9th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 2995, 120 L.Ed.2d 872 (1992). For the reasons mentioned, we award attorneys' fees for costs on appeal to the defendants. We remand to the district court for determination of the amount of fees earned on appeal.

## CONCLUSION

The judgment of the district court dismissing Franceschi's action pursuant to Fed.

R.Civ.P. 12(b)(6) is AFFIRMED. The judgment of the district court awarding attorneys' fees to the defendants is also AFFIRMED. This court awards attorneys' fees to the defendants on appeal and REMANDS to the district court for determination of the amount.