83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brenda N. SIEREN, Plaintiff-Appellant,
v.
FEDERAL LABOR RELATIONS AUTHORITY; General Counsel,
Defendants-Appellees.
 No. 95-15212.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 Brenda N. Sieren, a former employee of the United States Department of Education, appeals pro se the district court's order granting the Federal Labor Relations Authority's ("FLRA") Fed.R.Civ.P. 12(b)(6) motion to dismiss Sieren's unfair labor practice ("ULP") claim, pursuant to 5 U.S.C. § 7116, and granting the FLRA summary judgment as to Sieren's sex discrimination claim under Title VII, 42 U.S.C. § 2000e-2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 We review de novo the district court's Fed.R.Civ.P. 12(b)(6) dismissal, Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir.1995), and the district court's grant of summary judgment, Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 
 
 3
 Sieren contends that the district court erred in dismissing her ULP claim against the FLRA for failure to state a claim because the FLRA is an "agency" under 5 U.S.C. § 7116. Sieren also contends that the district court erred in granting the FLRA summary judgment on her sex discrimination claim because the district court improperly construed Sieren's claim as under Title VII, 42 U.S.C. § 2000e-2, instead of under 42 U.S.C. § 1985. Sieren further contends that the FLRA was her employer for purposes of establishing liability under Title VII, 42 U.S.C. § 2000e-2. These contentions lack merit.
 
 
 4
 First, the FLRA is not an "agency" within the meaning of 5 U.S.C. § 7116. See 5 U.S.C. § 7103(a)(3)(F). Sieren's contention that the Congressional Accountability Act of 1995 ("CAA"), 2 U.S.C. §§ 1301-1438, alters this result is meritless because the CAA applies only to legislative employees. See 2 U.S.C. § 1301(3). Accordingly, the district court did not err in dismissing Sieren's ULP claim.
 
 
 5
 Second, the district court properly construed Sieren's sex discrimination claim as under Title VII, 42 U.S.C. § 2000e-2. Cf. Balistreri v. Pacifica Police Dep't, 90 F.2d 696, 699 (9th Cir.1990). Because Sieren attempts to raise a claim under 42 U.S.C. § 1985 for the first time on appeal, we decline to consider it. See Whitten v. United States, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984).
 
 
 6
 Finally, the district court properly held that the FLRA was entitled to summary judgment on Sieren's sex discrimination claim because the FLRA was not Sieren's "employer" as defined in 42 U.S.C. § 2000e(b).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Sieren's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have considered Sieren's additional contentions and find them to be meritless. We decline to address Sieren's contention that the statute of limitations should be tolled because she failed to raise this issues before the district court. See Whitten, 706 F.2d at 1012