86 F.3d 1165
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald WILLIAMS, Plaintiff-Appellant,
v.
James P. McFADDEN, Deputy Warden; Lafontain, CPO; Miner,
CPO; Funk, CPO, Defendants-Appellees.
 No. 95-16710.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Williams appeals from the district court's dismissal, for failure to state a claim, of his action brought under 42 U.S.C. § 1983. The district court had jurisdiction pursuant to 28 U.S.C. § 1343(a)(3). We have jurisdiction over this appeal, which we previously deemed timely, pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review de novo a district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir.1995). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. National Wildlife Federation v. Espy, 45 F.3d 1337, 1340 (9th Cir.1995). A complaint should not be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Mountain High Knitting v. Reno, 51 F.3d 216, 218 (9th Cir.1995).
 
 
 4
 Williams complains that he was not permitted to make a long-distance telephone call to participate in an oral hearing in a civil suit, unrelated to his incarceration, that he filed before being incarcerated. Because Williams could not contact the state court from prison on the date of the hearing, his civil suit was dismissed with prejudice. Williams insists that he was denied his constitutional right of access to the courts because he could not place the call.
 
 
 5
 Williams lacked sufficient funds in his prison account at the time he wished to place the call. There is no constitutional obligation on the part of state prison officials to provide Williams with funds with which to pay for the cost of phone calls to the state court in litigation of this kind. Therefore, prison officials did not violate Williams's constitutional rights by refusing to allow him to place a call for which he could not pay.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3