87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donal W. SCHNEIDER, Jr., Plaintiff-Appellant,
v.
Peggy ST. GEORGE; Unknown Hogan; Unknown Erckson; Sidney
Findley; Dan Bouchard; Wendy Angus; Berry La
Barbera, Defendants-Appellees.
 No. 95-56787.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 18, 1996.
 
 Before: CANBY, NOONAN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donal W. Schneider appeals pro se the district court's summary judgment dismissal of his 42 U.S.C. § 1983 action against a court commissioner and three county prosecutors. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm for the reasons set forth in the magistrate judge's report and recommendation filed October 13, 1995, which the district court adopted in full. See Franceschi v. Schwartz, 57 F.3d 828 (9th Cir.1995) (judicial immunity); Ashelman v. Pope, 793 F.2d 1072 (9th Cir.1986) (en banc) (judicial and prosecutorial immunity).
 
 
 3
 We deny the county prosecutors' request for an award of fees and costs pursuant to 42 U.S.C. § 1988 and Fed.R.App.P. 38.[2]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have jurisdiction over Schneider's premature appeal because the district court subsequently entered a final judgment. See FirsTier Mortgage Co. v. Investors Mortgage Co., 498 U.S. 269, 276 (1991) (entry of final judgment cures premature appeal if appeal is taken from order reasonably believed to be final)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 1996), to this appeal