91 F.3d 151
 1996-2 Trade Cases P 71,589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margaret FIELER; James J. Fieler; Aggressive Innovative
Marketing, Inc., a California corporation,
Plaintiffs-Appellants,
v.
CHRYSLER CORPORATION, a Delaware corp.; Bozell Inc., a
Delaware corporation, Defendants-Appellees.
 No. 95-15313.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 15, 1996.
Decided July 29, 1996.
 
 1
 Before: ALARCON, BEEZER AND RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Margaret and James Fieler, and Aggressive Innovative Marketing, Inc. (collectively "the Fielers"), appeal the district court's Fed.R.Civ.P. 12(b)(6) dismissal of their action against Chrysler Corporation, Inc. and Bozell, Inc. The Fielers' amended complaint alleges that Chrysler and Bozell violated federal and California antitrust laws, as well as other California laws. We have jurisdiction, and we affirm.
 
 
 4
 * Review of a 12(b)(6) order of dismissal requires us to accept the facts pleaded by the Fielers.
 
 
 5
 The Fielers' original complaint was dismissed with leave to amend. The order dismissing the original complaint comprehensively outlined specific deficiencies in the complaint.[1] The Fielers then filed an amended complaint.
 
 
 6
 In their amended complaint, the Fielers plead that Chrysler's "Plan 2000" gives Chrysler dealers financial incentives to engage Bozell to perform advertising services. Prior to the adoption of Plan 2000, Chrysler dealers joined an association and voluntarily assessed a dollar amount per vehicle to be paid to Chrysler. These funds were available for payment of association group advertising. Under Plan 2000, Chrysler increased the dealer invoice price of all new vehicles by $50 plus one percent of the suggested retail price. The plan further required that the invoiced funds (the "Chrysler Marketing Adjustment" or "CMA") would be used for Chrysler-approved advertising campaigns designed by Bozell. The CMA was invoiced to the dealer even if the dealer did not use Bozell's advertising services. Only dealers who used Bozell's advertising services were eligible to receive monetary benefits under Plan 2000. Dealers were not prohibited from employing other agencies to perform advertising services.
 
 II
 
 7
 We review de novo a Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim. Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir.1995). A complaint may not be dismissed unless it appears beyond a doubt that the Fielers can prove no set of facts in support of their claims which would entitle them to relief. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).
 
 III
 
 8
 Chrysler argues that the Fielers have failed to plead a violation of § 1 of the Sherman Act, 15 U.S.C. § 1.
 
 
 9
 Examination of the amended complaint discloses that the Fielers merely outline defendants' conduct and conclusorily declare it unlawful. The amended complaint mentions a "price fixing conspiracy," but does not outline what prices were "fixed," or explain how defendants' actions constitute price fixing. The Fielers argue that a tying claim was made, but the amended complaint does not state what products were being tied, or identify the relevant markets for the tying and tied products.[2]
 
 
 10
 Regardless of what antitrust theory the Fielers plead, they do not dispute that a rule of reason analysis applies. Under the rule of reason, the Fielers must allege facts showing injury to competition. Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 854 (9th Cir.), cert. denied, 116 S.Ct. 170 (1995); Les Shockley Racing, Inc. v. National Hot Rod Ass'n, 884 F.2d 504, 508 (9th Cir.1989). This they have failed to do. The Fielers' amended complaint merely states that Chrysler gave dealers incentives to contract for advertising services with Bozell. Absent impermissible tying, there is nothing anticompetitive about Chrysler charging more for its cars and providing dealers with advertising incentives. See Les Shockley, 884 F.2d at 508 (stating that injury to competition requires allegations that the "restraining force of an agreement or other arrangement affecting trade [has] become[ ] unreasonably disruptive of market functions such as price setting, resource allocation, market entry, or output designation."). Therefore, no matter what other antitrust theories the Fielers might plead, no claim for relief can be stated under § 1.
 
 
 11
 In addition, to establish a § 2 violation for attempted monopolization, the Fielers must allege that defendants had a dangerous probability of achieving monopoly power in the relevant market. McGlinchy v. Shell Chem. Co., 845 F.2d 802, 811-13 (9th Cir.1988). Because the amended complaint fails to identify a cognizable relevant market it cannot allege that defendants had a dangerous probability of achieving monopoly power in the relevant market. The district court properly dismissed the Fielers' antitrust claims.[3]
 
 IV
 
 12
 The district court dismissed the Fielers' claims of interference with contract/advantageous business relations. The Fielers claim that Chrysler induced a breach of the contractual relationship between the Fielers and the advertising association. See, e.g., Pacific Gas & Elec. Co. v. Bear Stearns & Co., 270 Cal.Rptr. 1, 4 (Cal.1990) (holding that "it may be actionable to induce a party to a contract to terminate the contract according to its terms"). The Fielers also allege, however, that Chrysler operates the association. See Plaintiff's Amended Complaint pp 24-25 (Chrysler helped organize the association, and collected association advertising dollars). A party to a contract cannot be sued for interference with the contractual relationship. Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 28 Cal.Rptr.2d 475, 480 (Cal.1994).
 
 
 13
 An interference with prospective business relations claim requires that the Fielers show that Chrysler used improper means to persuade the dealerships not to use the Fielers' services. Della Penna v. Toyota Motor Sales, U.S.A., Inc., 45 Cal.Rptr.2d 436, 447 (Cal.1995). Our review of the amended complaint does not reveal any alleged facts that would establish such wrongful conduct.[4]
 
 V
 
 14
 A claim for intentional infliction of emotional distress requires that the Fielers plead conduct of Chrysler or Bozell which would be "[s]o outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Cantu v. Resolution Trust Corp., 6 Cal.Rptr.2d 151, 169 (Cal.App.1992). The Fielers argue that an outrageousness claim is well pleaded in the amended complaint. It is alleged that defendants "harass[ed], intimidat[ed], and badger[ed] board members" of the dealers' advertising association. Even if these conclusory allegations established "outrageous" conduct, the Fielers do not plead that such conduct was directed at them. The amended complaint does not plead that any plaintiff was a board member of the association.
 
 
 15
 The district court's dismissal of the plaintiffs' amended complaint is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The original complaint was dismissed by The Honorable Barbara A. Caulfield, United States District Judge for the Northern District of California
 
 
 [2]
 At oral argument, the Fielers contended that they should be permitted to amend the complaint again to allege a tying claim. Because the Fielers did not raise a tying theory until oral argument, it is waived. International Union of Bricklayers Local 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.")
 
 
 [3]
 The district court also dismissed the Fielers' state law antitrust claims under the California Cartwright Act, Cal.Bus. & Prof.Code §§ 16720 et seq. Both parties concede that the Sherman Act claims raise the same issues as the Cartwright Act claims. Our Sherman Act analysis applies to the Fielers' Cartwright Act claims as well. Dimidowich v. Bell & Howard, 803 F.2d 1473, 1476-77 (9th Cir.), modified on denial of reh'g, 810 F.2d 1517 (9th Cir.1987)
 
 
 [4]
 The Fielers point mainly to p 54 of the amended complaint, which alleges that Chrysler "gerrymandered" advertising association boundaries and controlled the use of association funds for Bozell advertising. We reject the Fielers' argument that Chrysler must organize an advertising association to make dealer advertising more convenient, but then cannot control how the association is run. Dealers who do not like the association may advertise on their own