Peymon MOTTAHEDEH,
Plaintiff–Appellant,

v.

Cheryl L. LEININGER; et al.,
Defendants–Appellees.

No. 00–55225, 00–56128.

D.C. No. CV–99–00754–GLT.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2001.*

Decided April 18, 2001.

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

MEMORANDUM **

Peymon Mottahedeh appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's Fed.R.Civ.P. 12(b)(6) dismissal, *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir.1998), and affirm.

Because Commissioner Leininger's actions constituted "functions normally performed by a judge," judicial immunity bars appellant's contentions. *See Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir.1995) (per curiam). Appellant failed to allege any facts to state a claim that the County of Orange violated 42 U.S.C. § 1983. Appellant waived his claim that Judge Carter was liable under the Racketeer Influenced and Corrupt Organizations Act because he conceded to the district court that Judge Carter's actions were proper and did not oppose her motion to dismiss to the district court. *See, e.g., Mendoza v. Block*, 27 F.3d 1357, 1360 (9th Cir.1994).

Because appellant alleged no facts indicating that statutory procedures were not followed or that a statute was improperly applied to him, the district court properly granted the remaining defendants' motion to dismiss for failure to state a claim upon which relief could be granted. *See Stone v. Travelers Corp.*, 58 F.3d 434, 437 (9th Cir.1995).

We deny appellees' request for judicial notice, filed February 22, 2001, as moot.

AFFIRMED.

---

* Because we unanimously find this case suitable for decision without oral argument, we deny Mottahedeh's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.