David OCHOA; Maria De Jesus Martinez; Percy Polk, Jr., d/b/a PJ's Warehouse; Barron Gardner, d/b/a Barron's Moving & Storage Company; Billy Childs; Dorothy Toliver; Martha Clark, Plaintiffs—Appellants,

v.

HOUSING AUTHORITY OF THE CITY OF LOS ANGELES, a municipal agency; Donald Smith, Executive Director; Lucille Royce, Assistant Executive Director, Director of Housing Management; Sandra Raye, Assistant Manager; Dwayne E. Williams, Agent/Employee/State Actor of Housing Authority of the City of Los Angeles; Anthony Sheridan, Defendants—Appellees.

No. 01–55583, 01–56232.
D.C. No. CV–00–11173–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2000.

Decided Sept. 25, 2002.

Before LAY *, CANBY and PAEZ, Circuit Judges.

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by

MEMORANDUM **

Appellants,[1] Maria de Jesus Martinez, Billy Childs, Martha Clark, Dorothy Tolivar, and Barron Gardner brought this action against (1) the Housing Authority of the City of Los Angeles, Donald J. Smith, Lucille Loyce, and Sandra Raye (collectively "Housing Authority Appellees"), (2) Dwayne E. Williams, and (3) Anthony Sheridan. Appellants appeal the district court's dismissal of their second amended complaint without leave to amend for failure to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 and 42 U.S.C. § 1983. Appellants also appeal the district court's award of Rule 11 sanctions to the Housing Authority Appellees and award of attorney's fees under 42 U.S.C. § 1988 to the Housing Authority Appellees and Williams. We have jurisdiction under 28 U.S.C. § 1291, and affirm. Because the parties are familiar with the facts, we will not recite them in detail except as necessary.

## I. RICO AND § 1983 CLAIMS

We review de novo a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Chang v. Chen,* 80 F.3d 1293, 1296 (9th Cir.1996). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Id.* Absent unusual circumstances, "[d]ismissal without leave to amend is improper unless it is clear, upon de novo review that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.,* 942 F.2d 1467, 1472 (9th Cir.1991).

## A. MUNICIPAL LIABILITY UNDER RICO

■ Neither a municipal corporation nor its employees in their official capacities are subject to civil RICO liability. *See Pedrina v. Chun,* 97 F.3d 1296, 1300 (9th Cir.1996). The district court, therefore, did not err in dismissing Appellants' RICO claims against the Housing Authority of the City of Los Angeles and its employees in their official capacities.

## B. RICO LIABILITY OF (1) THE HOUSING AUTHORITY APPELLEES, (2) WILLIAMS, AND (3) SHERIDAN

Under § 1962(c) of RICO, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). Establishing an "associated-in-fact" enterprise requires proof (1) of an ongoing organization, formal or informal, and (2) that the various associates function as a continuing unit. *Chang,* 80 F.3d at 1297. "At a minimum, to be an enterprise, an entity must exhibit some sort of structure ... for controlling and directing the affairs of the group on an on-going, rather than ad hoc, basis." *Id.* at 1299 (internal citation and quotation marks omitted).

■ Here, Appellants have not alleged "a structure to the organization beyond that which was inherent in the alleged acts of racketeering activity." *Id.* at 1300.

---

designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Plaintiffs, David Ochoa and Percy Polk, dba, PJ's Warehouse, are not parties to this appeal.

The most that can be said about Appellants' allegations regarding the Housing Authority Appellees, Williams, and Sheridan is that they conspired to commit predicate acts of racketeering activity. Because "[a] conspiracy is not an enterprise for purposes of RICO," *id.* at 1300, we affirm the district court's dismissal of Appellants' substantive RICO claims under § 1962(c) as to the Housing Authority Appellees in their individual capacities, Williams, and Sheridan.

 Section 1962(d) prohibits the act of conspiring to violate §§ 1962(a)-(c). Although a civil RICO conspiracy claim can survive even if the substantive RICO claim does not, where the plaintiff has failed to allege the requisite substantive elements of RICO, a RICO conspiracy claim cannot stand. *Neibel v. Trans World Assurance Co.*, 108 F.3d 1123 (9th Cir.1997). Because we affirm the district court's dismissal of Appellants' substantive RICO claims for failure to state a claim, we also affirm the district court's dismissal of Appellants' RICO conspiracy claims.

## C. DISMISSAL WITHOUT LEAVE TO AMEND

 In its order dismissing the first amended complaint with leave to amend, the district court warned Appellants that the court could not "waste anymore of its valuable time attempting to decipher the nature of plaintiffs' case" and instructed Appellants on how the complaint should be amended to state a claim under RICO and § 1983. Appellants again failed to allege key elements of RICO and § 1983 claims in their second amended complaint. Because Appellants have had ample opportunity to state a claim under RICO and § 1983, as well as instruction from the district court, "there is no reason to believe that any amendment would cure the deficiency." *Chang*, 80 F.3d at 1296. Ac-

cordingly, the district court did not abuse its discretion in dismissing Appellants' action without leave to amend.

## II. RULE 11 SANCTIONS

We review the imposition of sanctions under Rule 11 for an abuse of discretion. *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir.1998).

Appellants filed a partial summary judgment motion on January 23, 2001. On January 25, 2001, the Housing Authority Appellees served, but did not file, a motion for Rule 11 sanctions relating to that motion. Appellants' partial summary judgment motion was rejected by the district court for failure to comply with the district court's local rules. On February 12, 2001, Appellants filed a second motion for partial summary judgment that was substantially the same as the first motion rejected by the district court. Housing Authority Appellees again served, but did not file, a motion for sanctions relating to the second motion, relying on grounds cited in the first motion for sanctions. On March 20, 2001, Housing Authority Appellees filed the second motion for Rule 11 sanctions.

 Although Appellants' first motion for partial summary judgment was rejected by the district court for failure to comply with various local rules, it was "presented" to the district court for purposes of Rule 11. *See* FED. R. CIV. P. 11(b) (Rule 11 requires only that the offending motion be "presented" to the court "whether by signing, filing, submitting, or later advocating [it]."). The partial summary judgment motion ultimately filed with the district court was substantially the same as the partial summary judgment motion previously rejected by the court. Appellees motion for Rule 11 sanctions relating to the second partial summary judgment motion was filed more than 21 days after the first partial summary judg-

ment was "presented" to the court. Because Appellants had an adequate opportunity to withdraw the offending motion, the district court did not abuse its discretion in awarding sanctions against Appellants based on its conclusion that the Housing Authority Appellees had complied with the "safe harbor" requirement of Rule 11 and that Appellants' second partial summary judgment motion was frivolous.

## III. ATTORNEY'S FEES

We review the district court's award of attorney's fees under 42 U.S.C. § 1988 for an abuse of discretion. *See Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir.1995).

■ Prevailing civil rights defendants can recover attorney fees only when the court also finds that the civil rights claim was objectively "frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes*, 449 U.S. at 15, 101 S.Ct. 173. Appellants failed to state a claim under § 1983 after three attempts, even with instruction from the district court. Moreover, Appellants attempted to allege liability against the Housing Authority, a municipal entity, under the theory of respondeat superior which is precluded by *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The district court did not err in concluding that Appellants' § 1983 claim was frivolous. We therefore affirm the district court's award of attorney's fees.

AFFIRMED.