**Rolf ERIKSON, Plaintiff—Appellant,**

v.

**ARIZONA SUPREME CT.; et al.,
Defendants—Appellees.**

No. 02–17105.

D.C. No. CV–01–01637–SRB.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 16, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Rolf Erikson appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the Arizona Court of Appeals and the Arizona Supreme Court violated the Fourteenth Amendment by affirming the dismissal of an earlier state court action and assessing costs and attorney's fees against him. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir.1995) (per curiam), we affirm.

The district court properly concluded that Erikson's action against the Arizona Court of Appeals and the Arizona Supreme Court is barred by the Eleventh Amendment. *See Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir.1987). Erikson's contention that the Eleventh Amendment does not preclude his action because he is seeking injunctive, not monetary, relief is without merit. *See id.* at 1110 n. 10 (Eleventh Amendment precludes suits against a state "in law or equity"). Similarly, Erikson's contention that the Civil Rights Act of 1871 abrogated Eleventh Amendment immunity is without merit. *See Spaulding v. Univ. of Washington*, 740 F.2d 686, 694 (9th Cir.1984) ("The eleventh amendment to the Constitution bars suit in federal court by citizens against a state or its agency under section 1983 unless the state has waived its immunity."), *overruled on other grounds by Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477 (9th Cir.1987).

---

**448**

We decline to consider the district court's order denying Erikson's "Motion for New Trial" and "Motion for Leave to Take Depositions Pending Appeal" because he does not contend in his opening brief that this ruling was erroneous. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir.2001).

Erikson's remaining contentions are without merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.