**Kenneth H. MANNING, Plaintiff—Appellant,**

v.

**ALASKA STATE COURT SYSTEM; Sen K. Tan; Department of Fish & Game, Alaska; Dana Fabe, Chief Justice; Frank Rue, Commissioner, Defendants—Appellees.**

Nos. 02–35243, 02–35293.

D.C. No. CV–01–00277–HRH.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2003.*

Decided Sept. 4, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Kenneth H. Manning, Girdwood, AK, pro se.

Susan D. Cox, AAG, Office of the Attorney General, Juneau, AK, Kevin M. Saxby, Attorney General's Office, Anchorage, AK, for Defendants–Appellees.

Before PREGERSON, CANBY, and McKEOWN, Circuit Judges.

## MEMORANDUM**

Kenneth Manning appeals pro se the district court's dismissal of his multi-count action seeking damages and injunctive relief from the State of Alaska, various state employees in their official capacities, and from Alaska Superior Court Judge Sen K. Tan in his personal capacity. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

Manning cannot obtain either monetary or injunctive relief from the State of Alaska because such relief is barred by the Eleventh Amendment. *See Seminole Tribe v. Florida,* 517 U.S. 44, 58, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Manning's claims for monetary relief against State officials acting in their official capacities are similarly barred. *See Pena v. Gardner,* 976 F.2d 469, 472 (9th Cir.1992).

Manning's claims for monetary damages against Judge Tan in his personal capacity were properly dismissed as well. Because the actions of which Manning complains—Judge Tan's denials of his two motions for a preliminary injunction—were both judicial in nature and within the clear bounds of his jurisdiction, Judge Tan is protected by the doctrine of judicial immunity. *See Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986).

The district court also did not err in applying the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), thereby dismissing Manning's claims for prospective injunctive relief against state employees in their official capacities. Manning's federal complaint requests, among other things, an injunction staying his contemporaneous state action, removing the state judge assigned to that case, and directing a revision of state civil and appellate judicial procedures. There is no question that such relief would directly interfere with the state proceedings in a manner that qualifies for a *Younger* abstention. *See Green v. City of Tucson,* 255 F.3d 1086, 1094–97 (9th Cir.2001) (en banc). Other qualifications are met as well: Manning's state proceeding implicates important

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

state interests, and Manning's federal claims could have been raised (as some were) in the state proceeding. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Ordinarily, the fact that Manning is a plaintiff in both federal and state court would preclude a *Younger* abstention, but *Younger* abstention is called for here because Manning is attempting "to enjoin, declare invalid, or otherwise involve the federal courts in terminating or truncating the state court proceedings." *Green,* 255 F.3d at 1098.

Manning certainly has not demonstrated any bias on the part of the state court that would make abstention inappropriate. *See Kenneally v. Lungren,* 967 F.2d 329, 333 (9th Cir.1992).

█ Finally, the district court did not abuse its discretion in ordering Manning to pay attorney's fees. Manning, who holds a Juris Doctor degree and has demonstrated through his pleadings a reasonable ability to conduct legal research, should have known that his federal claims were meritless and unfounded. *See Franceschi v. Schwartz,* 57 F.3d 828, 832 (9th Cir.1995) (awarding fees to a defendant in frivolous civil rights action).

**AFFIRMED.**