Lynne K. STONE, Plaintiff—Appellant,

v.

**PERPETUAL MOTION, LLC,**
**aka Pinon Trading, LLC,**
**Defendant—Appellee.**

No. 02–36084.

D.C. No. CV–02–00141–DOC/BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2004.

Decided Jan. 27, 2004.

As Amended on Denial of Rehearing
Feb. 20, 2004.

Robert L. Shaver, Kathleen M. McRoberts, Frank Dykas, Dykas, Shiver, and Nipper, Boise, ID, for Defendant–Appellee.

Ken Pedersen, Boise, ID, Plaintiff–Appellant.

Before GRABER, TALLMAN, and CLIFTON, Circuit Judges.

MEMORANDUM *

In this copyright action, Plaintiff Lynne K. Stone appeals the district court's grant of summary judgment in favor of Defendant Perpetual Motion, LLC. Reviewing de novo, we affirm.

In order to prevail on her claim of copyright infringement, Plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

On the first prong, it is undisputed that Plaintiff owns a valid copyright in the *Adventures* maps.

On the second prong, Plaintiff's evidence fails to demonstrate direct copying of any *entire* map from *Adventures*. *See Narell v. Freeman,* 872 F.2d 907, 910 (9th Cir. 1989) ("A finding that a defendant copied a plaintiff's work, without application of a substantial similarity analysis, has been made only when the defendant has engaged in virtual duplication of a plaintiff's entire work."). Therefore, Plaintiff must show (1) that Defendant had " 'access' " to her work; and (2) that the two works are " 'substantially similar.' " *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 481 (9th Cir.2000) (quoting *Smith v. Jackson,* 84 F.3d 1213, 1218 (9th Cir.1996)).

 The first element of the copying test, access, is conceded; Defendant used Plaintiff's maps as the starting point for its maps.[1] In evaluating substantial similarity, we filter out elements that are not protectable. *Rice v. Fox Broad. Co.,* 330 F.3d 1170, 1174 (9th Cir.2003). The protectable elements of maps include "not only ... the depiction of a previously undiscovered landmark or the correction or improvement of scale or placement, but also ... selection, design, and synthesis." *United States v. Hamilton,* 583 F.2d 448, 452 (9th Cir.1978).

 Viewing the evidence in the light most favorable to Plaintiff, no reasonable juror could find substantial similarity of ideas and expression in the *Adventures* and *Good Dirt* maps. After the nonprotectable elements of the maps are filtered out, there is not substantial similarity. To be sure, the *Adventures* maps and the *Good Dirt* maps cover trails in the same territory. However, the *Good Dirt* maps generally offer a "zoomed in" and barebones perspective; the *Adventures* maps offer a distant view filled with many more details of the terrain. Although the maps have several basic design features in common, "it is well-settled that copyright of a map does not give the author an exclusive right to the coloring, symbols, and key used in delineating boundaries of and locations within the territory depicted." *Hamilton,* 583 F.2d at 451.

We decline to exercise our discretion to award attorney fees on appeal. *Franceschi v. Schwartz,* 57 F.3d 828, 832 (9th Cir.1995) (per curiam).

AFFIRMED. The parties shall bear their own costs on appeal.

---

1. McRoberts' admission that he made photocopies of the maps in Adventures for use as "working copies" in preparation of his own maps is not sufficient to satisfy the second prong. Copyright law's prohibition against "copying" does not prevent a subsequent author from making photocopies to use solely as source material.