G. Daniel WALKER, Plaintiff—Appellant,

v.

John I. KELLY; et al., Defendants—Appellees,

G. Daniel Walker, Plaintiff—Appellant,

v.

John I. Kelly; et al., Defendants—Appellees,

and

Illinois Department of Corrections, Defendant.

G. Daniel Walker, Plaintiff—Appellant,

v.

Michael Shea; et al., Defendants—Appellees,

and

Kern County; et al., Defendants.

Nos. 05–56556, 05–56885, 06–55350.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 24, 2008.

G. Daniel Walker, CALSP–Calipatria State Prison, Calipatria, CA, pro se.

David Adida, DAG, AGCA–Office of the California Attorney General, Los Angeles, CA, Lisa Madigan, Esq., Carl J. Elitz,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esq., Office of the Attorney General, Chicago, IL, for Defendants–Appellees.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

California state prisoner G. Daniel Walker appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging defendants conspired to deprive him of access to the courts by transferring him back to California without his legal materials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Taylor v. List,* 880 F.2d 1040, 1044 (9th Cir.1989), and we affirm.

The district court properly granted summary judgment on Walker's claims against defendants Kelly, Gildner, Carey, Shea, Singer, and Vaughn because Walker did not present sufficient evidence that they were personally involved in withholding his legal materials or interfering with his mail. *See Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir.2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."); *Taylor,* 880 F.2d at 1046 (affirming summary judgment for defendants on an access to courts claim where evidence of personal participation was absent).

The district court properly dismissed Walker's claims as to the remaining Kern County defendants under the doctrine of judicial immunity because Walker failed to raise a triable issue as to whether these defendants acted in a capacity other than judicial or quasi-judicial. *See Mireles v.*

*Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (holding that judges, and those performing judge-like functions, are entitled to immunity from actions taken in their judicial capacity unless the actions were taken in the clear absence of all jurisdiction); *Curry v. Castillo (In re Castillo ),* 297 F.3d 940, 947–48 (9th Cir.2002) (concluding that judicial immunity extends to non-judicial officers for all claims relating to the exercise of judicial functions, including administrative acts that are part of the judicial process); *Franceschi v. Schwartz,* 57 F.3d 828, 830 (9th Cir.1995) (per curiam) (holding court commissioner entitled to absolute judicial immunity); *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1390 (9th Cir.1987) (granting absolute quasi-judicial immunity to court clerks when performing tasks that are an integral part of the judicial process).

The district court properly granted summary judgment on Walker's claims against defendant Page because Walker's prior Illinois state court action involved the same parties and resulted in a final judgment on the merits and Walker cannot relitigate issues stemming from the deprivation of his property that he raised or could have raised in the prior action. *See Manufactured Home Communities Inc. v. City of San Jose,* 420 F.3d 1022, 1031 (9th Cir. 2005) (holding that federal courts look to state law to determine the preclusive effect of a state court judgment).

Walker's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.