**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENDA MOORE, | No. 13-56979 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00341-JLS-MDD |
| v. | |
| TRI-CITY HOSPITAL FOUNDATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Brenda Moore appeals pro se from the district court's judgment dismissing

her civil action alleging federal and state law claims in connection with medical

care provided at the Tri-City Hospital emergency department.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Moore's claim under the Health Insurance Portability and Accountability Act ("HIPPA") because "HIPAA . . . does not provide for a private right of action."  *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007).

The district court properly dismissed Moore's claim under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, against the doctor defendants because "EMTALA does not allow private suits against physicians."  *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1257 (9th Cir. 1995).  The district court properly dismissed Moore's EMTALA claim against defendants Tri-City Hospital Foundation and Tri-City Healthcare District because Moore failed to allege facts sufficient to show a violation of EMTALA.  *See Jackson v. East Bay Hosp.*, 246 F.3d 1248, 1255-56 (9th Cir. 2001) (recognizing that EMTALA imposes no standard of care for screening patients; "the touchstone is whether . . . the procedure is designed to identify an emergency medical condition that is manifested by acute and severe symptoms[,]" which is determined by whether an examination is comparable to that "offered to other patients

presenting similar symptoms . . . ." (citations and internal quotation marks omitted)).

The district court properly dismissed Moore's damages claims against the state court judge and commissioner because these defendants are immune. *See Franceschi v. Schwartz*, 57 F.3d 828, 830-31 (9th Cir. 1995) (commissioner is entitled to judicial immunity from damages liability for claims arising out of official acts or the performance of judge-like functions); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). Moreover, to the extent that Moore sought to overturn these defendants' rulings, the district court properly dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Moore's action is a forbidden "de facto appeal" of a prior state court judgment and raised claims that are "inextricably intertwined" with that judgment. *See Noel v. Hall*, 341 F.3d 1148, 1154, 1163-65 (9th Cir. 2003) (discussing *Rooker-Feldman* doctrine).

The district court did not abuse its discretion in denying Moore's recusal request as Moore advanced no factual or legal basis for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review).

We reject Moore's contention that the district court was biased against her.

We reject Moore's contention that her constitutional rights were violated by not being able to cross-examine defendants. Because the district court properly dismissed Moore's action on the pleadings, Moore had no right to discovery or to cross-examine defendants.

We do not consider Moore's new allegation of slander raised for the first time on appeal. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004).

**AFFIRMED.**

13-56979