

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDGAR PERRY,

        Plaintiff-Appellant,

v.

CASHCALL, INC.; et al.,

        Defendants-Appellees.

No.   14-16581

D.C. No. 3:13-cv-02369-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding[**]

Submitted July 26, 2016[***]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Edgar Perry appeals pro se from the district court's judgment dismissing his

action alleging federal and state claims relating to his home loans. We have

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and we affirm.

The district court properly dismissed Perry's claims against the State of California on the basis of Eleventh Amendment immunity. *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (Eleventh Amendment bars suits in federal court for damages against a state or an arm of the state).

The district court properly dismissed Perry's Truth in Lending Act ("TILA") claim against CashCall, Inc. because Perry failed to allege facts sufficient to show that he consummated a loan with CashCall. *See Waters v. Weyerhaeuser Mort. Co.*, 582 F.2d 503, 505 (9th Cir. 1978) ("There can be no violation of [TILA] until the transaction is consummated.").

The district court properly dismissed Perry's breach of contract claim against CashCall because Perry failed to allege facts sufficient to show that CashCall breached the terms of a contract with him. *See Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint must contain enough facts to state a claim for relief that is plausible on its face).

The district court properly dismissed Perry's claims against First Bank and Portuguese Fraternal Society of America as barred by the statute of limitations.

*See* 12 U.S.C. § 2614 (prescribing at most a three-year statute of limitations for violations of the Real Estate Settlement Procedures Act); 15 U.S.C. § 1640(e) (an action for damages under TILA must be brought within one year of the alleged violation); Cal. Civ. Proc. Code § 338(d) (a fraud cause of action must be brought within three years); Cal. Civ. Proc. Code § 337 (a breach of contract cause of action must be brought within four years).

Perry's motion to strike the joint excerpts of record, filed on December 31, 2014, and his "motion for injection," filed on January 13, 2016, are denied.

**AFFIRMED.**