**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONNELL BLEDSOE, | No. 24-3947 |
| Plaintiff - Appellant, | D.C. No. 2:24-cv-00451-DAD-AC |
| v. | MEMORANDUM* |
| KATY JACOT; MARK THIEL; PEARLIE BLEDSOE TOWNES; SAN JOAQUIN COUNTY SUPERIOR COURT, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 18, 2025**

Before: CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Donnell Bledsoe appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action relating to state court proceedings. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Bledsoe's action because Bledsoe failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Simmons v. Sacramento County Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that Eleventh Amendment immunity applies to arms of the state, including superior courts); *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (applying judicial immunity to court commissioner acting in a judicial capacity); *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (elements of § 1983 action); *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (explaining state action requirement and that private parties are generally not state actors); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (explaining that criminal statutes generally do not give rise to private rights of action).

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**