NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHEILA HALOUSEK,

        Plaintiff - Appellant,

  v.

STATE OF CALIFORNIA;
SACRAMENTO COUNTY SUPERIOR
COURT, Gordon D. Schaber Sacramento
County Courthouse; William R. Ridgeway
Family Relations Courthouse; YUBA
COUNTY SUPERIOR
COURT; CALIFORNIA COURT OF
APPEAL, THIRD DISTRICT; Judge
RAYMOND M. CADEI; ROBIE, Acting
Presiding Judge 3rd District Court of
Appeal; Judge HOCH; Judge
MAURO; Judge RAYE; Judge STEPHEN
W. BERRIER; KATHLEEN R.
O'CONNER, Presiding Judge of the
Appellate Division; DEBRA L. GIVENS,
Judge of the Appellate Division; BRIAN R.
ARONSON, Judge of the Appellate
Division; DANNY LEE HAUKEDALEN,
Court Commissioner,

        Defendants - Appellees.

No. 25-941

D.C. No. 4:23-cv-03984-YGR

MEMORANDUM*

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted May 26, 2026[**]

Before:      S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Sheila Halousek appeals pro se from the district court's order dismissing her 42 U.S.C. § 1983 action alleging various constitutional and statutory claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Halousek's claims against state court judges and a state court commissioner as barred by judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to absolute judicial immunity); *see also Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) (explaining that "Section 1983 . . . provides judicial officers immunity from injunctive relief even when the common law would not"); *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (applying judicial immunity to court commissioner acting in a judicial capacity).

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2                                                                          25-941

The district court properly dismissed Halousek's remaining § 1983 claims because Halousek filed her complaint outside the applicable statute of limitations. *See* Cal. Civ. Proc. Code § 335.1 (setting forth a two-year statute of limitations for personal injury claims); *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) (explaining that "[f]ederal courts in § 1983 actions apply the state statute of limitations from personal-injury claims").

The district court properly dismissed Halousek's claims under 18 U.S.C. § 242 because § 242 is "criminal statute[] that do[es] not give rise to civil liability." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

**AFFIRMED.**