LA CONNER ASSOCIATES LLC,
a Washington Limited Liability
Company, Plaintiff—Appellant,

v.

Eron BERG; et al., Defendants—
Appellees.

La Conner Associates LLC, a Washington Limited Liability Company,
Plaintiff—Appellant,

v.

Eron Berg, Defendant,

and

Town of La Conner, Defendant—
Appellee.

No. 01–36167, 02–35390.
D.C. No. CV–01–00225–MJP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2003.

Decided Sept. 10, 2003.

Craig D. Magnusson, Esq., Oles, Morrison, Rinker & Baker, Kurt A. Denke, Esq., Seattle, WA, for Plaintiff–Appellant.

Michael Charles Walter, Esq., Keating Bucklin & McCormack Inc. P.S., Seattle, WA, for Defendant–Appellee.

Before ALARCÓN, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Appellant LaConner Associates L.L.C., ("LaConner Associates") brought this ac-

tion under 42 U.S.C. § 1983 seeking damages against Eron Berg, the mayor of the Town of LaConner, Washington, and Dan O'Donnell, Mary Lam, Joan Cross, and John Stephens, members of the Town Council (collectively "Appellees").

The Appellees filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in which they assert that they are not liable for damages based on the defense of legislative immunity. The district court granted the 12(b)(6) motion and awarded attorney's fees to the Appellees pursuant to 42 U.S.C. § 1988. LaConner Associates appeals from both orders. Because the parties are familiar with the facts, we recite them only as necessary.

We affirm because we agree that the Appellees are protected from liability under the doctrine of legislative immunity. We also conclude that the district court did not abuse its discretion in awarding attorney's fees. Because we conclude that this appeal is frivolous, we grant Appellees' motion for attorney's fees for defending against this appeal and remand for a determination of the reasonable amount of fees that should be awarded.[1]

### I

■ LaConner Associates asserts that the Appellees are not entitled to legislative immunity because the Appellees' actions constituted ad hoc decision-making and "were not of a genuine legislative character, primarily because they were directed at only two property owners and not the community as a whole." Opening Brief for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Appeals were timely filed. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

Appellant at 9. "We review de novo a district court's decision to grant or deny legislative immunity." *Kaahumanu v. County of Maui,* 315 F.3d 1215, 1219 (9th Cir.2003) (citing *San Pedro Hotel Co. v. City of Los Angeles,* 159 F.3d 470, 476 (9th Cir.1998)).

"Local legislators are entitled to absolute immunity from § 1983 liability for their legislative activities." *Bogan v. Scott–Harris,* 523 U.S. 44, 54, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998). In *Kaahumanu,* we summarized the factors that should be considered in determining whether a local legislator is entitled to absolute immunity as follows:

> We determine whether an action is legislative by considering four factors: (1) whether the act involves ad hoc decision making, or the formulation of policy; (2) whether the act applies to a few individuals, or to the public at large; (3) whether the act is formally legislative in character; and (4) whether it bears all the hallmarks of traditional legislation.

*Id.* at 1220 (internal quotation marks and citations omitted). We also noted in *Kaahumanu* that these factors are not mutually exclusive. *Id.* "Whether an act is ad hoc can depend on whether it is aimed at a few people or many, and whether an act bears all the hallmarks of traditional legislation can depend on whether it is ad hoc." *Id.* at 1220 n. 4 (citing *Bechard v. Rappold,* 287 F.3d 827, 829–32 (9th Cir.2002)).

The record shows that the Town enacted a moratorium that brought a halt to all development in the south end industrial area prior to modifying its general zoning ordinance. We must decide whether the facts in the record support LaConner Associates's contention that Appellees' actions were ad hoc because only two parcels of land were affected by the moratorium and the zoning change.

An "ad hoc" decision is one made "for the particular end or purpose at hand and without reference to wider application." Websters Third New Int'l Dictionary 26 (4th ed.1976). We have previously held "that the enactment of a general zoning ordinance is a legislative act." *Kuzinich v. County of Santa Clara,* 689 F.2d 1345, 1349 (9th Cir.1982). In *Kuzinich,* we held that local legislators who adopted an "emergency ordinance" pending the adoption of a "formal ordinance" stopping a plaintiff's permit applications, had absolute immunity because their acts were legislative. *Id.* at 1348. "Although the ordinance may have had an immediate practical effect on only two parcels of land [held by the same owner], by its terms the ordinance applied to all parcels within the covered area." *Kaahumanu,* 315 F.3d at 1220 (discussing *Kuzinich,* 689 F.2d at 1348). The Washington Supreme Court has determined that a vote on a building moratorium is a legislative act. *In re Recall of Ackerson,* 143 Wash.2d 366, 20 P.3d 930, 935 (2001). In addition, the United States Supreme Court has held that a court must remove "all considerations of intent or motive" when assessing a plaintiff's assertion that absolute legislative immunity does not apply in a given case. *Bogan,* 523 U.S. at 55, 118 S.Ct. 966; *see also Kaahumanu,* 315 F.3d at 1219.

Here, the Town Council adopted a moratorium at a council meeting held on the same day as the submission of LaConner Associates's building permit application. The moratorium, and the modified comprehensive general zoning ordinances that followed, affected the Town's entire south end industrial area and brought a halt to all development in that area. Although

the "immediate practical effect," of the Town's zoning policy was only felt by LaConner Associates, the moratorium and zoning change "applied to all parcels within the covered area." *Kaahumanu*, 315 F.3d at 1220. Consequently, whatever the Town Council members' motives, their decisions were not ad hoc.

General legislative acts that have an inordinate impact on one individual do not necessarily deprive legislators of absolute immunity. *See Bogan*, 523 U.S. at 54–56, 118 S.Ct. 966 (granting absolute immunity to legislators who voted to eliminate one position from city government); *San Pedro Hotel*, 159 F.3d at 476 (granting absolute immunity to a legislator who lobbied and voted against a loan to a specific party). Here, two parcels make up the south end industrial area. One of the parcels, however, is over three acres and the other is the LaConner Pier.

The Appellees' zoning and moratorium ordinances were adopted and the application to lease property from the State of Washington Department of Natural Resources was made as part of the Town's decision to develop public access improvements on the Town's waterfront. The zoning and moratorium ordinances and the lease application were all part of the planning process that affected the general population of the Town. Therefore, Appellees' zoning, planning, moratorium, regulatory, and lease application actions constituted acts of general legislation. The Appellees' actions were "formally legislative in character ... [and] bear[ ] all the hallmarks of traditional legislation." *Kaahumanu*, 315 F.3d at 1220. These actions consisted of investigation, discussion, and decision-making in regard to the creation of discretionary municipal land use policies. The district court did not err in granting Ap-

pellees' motion to dismiss based on clearly-established jurisprudence relating to legislative immunity.

## II

LaConner Associates asserts that the district court abused its discretion in awarding attorney's fees to the Appellees pursuant to 42 U.S.C. § 1988. "Pursuant to 42 U.S.C. § 1988 ... a district court may award attorneys' fees to a prevailing defendant in a civil rights case if the plaintiff's claims are 'unreasonable, frivolous, meritless, or vexatious.'" *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir.1998) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). "We review the district court's award of attorneys' fees pursuant to 42 U.S.C. § 1988 for an abuse of discretion." *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir.1995) (citation omitted).

The district court found that "Plaintiff's suit against these individual Appellees was without foundation, with evidence of bad faith and harassment." The district court stated that "Plaintiff, represented by counsel, either knew or should have known that a suit against individual city counsel [sic] members and the mayor regarding their, voting, drafting, debating, and lobbying would be barred by legislative immunity." The district court noted that LaConner Associates had the opportunity to drop the individual Appellees from the action after it was put on notice that the action against them was frivolous and that they would seek attorney's fees if they were not dropped from the action, but it chose not to do so. In addition, the district court explained that LaConner Associates's "litigation position" would not have been "significantly changed" if the action had not

included the individual Appellees. The district court gave credence to the Appellants' declarations stating that they believed that the action was brought against them as part of a long campaign by LaConner Associates to get them to change their official positions under the threat of personal financial ruin.

In *Margolis*, 140 F.3d at 854, we held:

[H]ad appellants made a reasonable inquiry into the applicable facts and law before filing their case they would have discovered the insufficiency of their civil rights claim. Thus, the district court did not abuse its discretion in determining that appellants' [ ] claim was meritless and frivolous so as to warrant sanctions under § 1988.

*Id.*

The law is clear that no matter what their motive "[l]ocal legislators are entitled to absolute immunity from § 1983 liability for their legislative actions," *Bogan*, 523 U.S. at 54, 118 S.Ct. 966, and "that the enactment of a general zoning ordinance is a legislative act," *Kuzinich*, 689 F.2d at 1349. The district court did not abuse its discretion in concluding that the Appellees were entitled to attorney's fees because LaConner Associates failed to make a reasonable inquiry into the applicable law and facts before filing this action.

### III

LaConner Associates also maintains that the attorney's fees awarded by the district court were excessive. It argues that effort expended by the individual Appellees' counsel could have been used to defend the Town had LaConner Associates maintained its action against the Town. LaConner Associates asserts that, since

the Appellees only prevailed on the grounds of legislative immunity, only funds expended in pursuit of that defense should be recoverable by the Appellees. "We review the district court's assessment of attorney's fees for abuse of discretion." *Cunningham v. County of Los Angeles*, 879 F.2d 481, 483 (9th Cir.1988) (en banc) (citations omitted).

In *Webb v. Sloan*, 330 F.3d 1158 (9th Cir.2003), we held that " '[t]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees' under § 1988." *Id.* at 1168 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). " 'Where a plaintiff has obtained excellent results his attorney should recover a fully compensatory fee.' " *Id.* (quoting *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir.2001) (quoting *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933)). In *Webb*, we further determined that courts should deduct attorney's fees incurred in pursuit of claims " 'entirely distinct and separate from the claims on which the plaintiff prevailed.' " *Id.* (quoting *Sorenson*, 239 F.3d at 1147) (internal quotation marks omitted). We defined "related claims" as being those that "involve a common core of facts *or* are based on related legal theories." *Id.* (citing *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933).

Here, all of Appellees' defenses related to a "common core of facts" and the results have been "excellent" for the Appellees. The district court did not err in awarding attorney's fees for all the work entailed in preparing each of the defenses to the claims asserted by LaConner Associates. When calculating attorney's fees awarded under the aegis of a statute, a district court must use the "lodestar method." *Staton v. Boeing Co.*, 327 F.3d 938, 965

(9th Cir.2003) (quotation marks omitted). The district court employed the lodestar method and reviewed the fees for reasonableness. LaConner Associates has failed to demonstrate that the fee award was excessive.

## IV

■ The Appellees have requested that we award attorney's fees and costs for their expenses in litigating this appeal. "The legal standard for awarding attorneys' fees to a prevailing defendant on appeal is the same as the standard governing a district court's decision to award attorneys' fees to a prevailing defendant." *Franceschi*, 57 F.3d at 832. "A prevailing defendant is awarded attorneys' fees only where the action is found to be unreasonable, frivolous, meritless or vexatious. An appeal is considered frivolous when the result is obvious or the appellant's arguments of error are wholly without merit." *Legal Servs. v. Arnett*, 114 F.3d 135, 141 (9th Cir.1997) (internal quotation marks and citations omitted).

LaConner Associates argues that this appeal is not frivolous, and that it had non-vexatious motives for bringing its claim against the individual Appellees without joining the Town. The law regarding legislative immunity for the "enactment of a general zoning ordinance" that affects even a small number of properties was established in this circuit more than twenty years ago in *Kuzinich*. LaConner Associates has not advanced any novel theories nor raised any important questions of first impression in this appeal.

Notwithstanding existing Ninth Circuit precedent, LaConner Associates asserts that its claims are not frivolous because this circuit might wish to adopt the Third Circuit's opinion in *Ryan v. Burlington County*, 889 F.2d 1286 (3d Cir.1989). In *Ryan*, the Third Circuit held that local legislators are not entitled to absolute immunity unless their acts are both "'substantively' legislative, *i.e.*, legislative in character .... [and] 'procedurally' legislative, that is, passed by means of established legislative procedures." *Id.* at 1290–91. The law of our circuit requires that we consider both the "formally legislative character" of an act, *Kaahumanu*, 315 F.3d at 1219–20, and whether the act is "legislative in its character and effect," *id.* at 1223 (internal quotation omitted). As LaConner Associates's counsel conceded at oral argument, the Third Circuit's decision in *Ryan* mirrors our own binding precedent. *Ryan* has not aided us in disposing of this appeal.

LaConner Associates further contends that it was compelled to sue the individual Appellees and not the Town because *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), holds that plaintiffs cannot be awarded punitive damages in actions against municipalities. *Id.* at 271, 101 S.Ct. 2748. Because there was no merit to the underlying claim, the possible availability of punitive damages does not justify the filing of an action against individual local legislators who are entitled to absolute immunity for their actions.

In *Franceschi*, we affirmed a district court's award of attorney's fees and awarded appellate fees when an attorney brought an action against a municipal court and a court commissioner. 57 F.3d at 832. We agreed with the district court that the plaintiff "utterly failed to meet his burden of demonstrating why either of these entities was not entitled to immunity." *Id.* Here, because the result of La-

Conner Associates' appeal is obvious and its claims of error are wholly without merit, we agree that the Appellees are entitled to reasonable attorney's fees for the expense of litigating this appeal.

## V

We AFFIRM the district court's orders granting the Appellees' motion to dismiss and awarding the Appellees attorney's fees under 42 U.S.C. § 1988. We REMAND this matter to the district court with instructions to calculate and award reasonable attorney's fees to the Appellees for the expenses incurred in defending this appeal.

AFFIRMED and REMANDED.