138 F.3d 784
 46 ERC 1371, 28 Envtl. L. Rep. 21,024,
98 Cal. Daily Op. Serv. 1677,
98 Daily Journal D.A.R. 2329
 STATE OF CALIFORNIA, on Behalf of the CALIFORNIA DEPARTMENT
OF TOXIC SUBSTANCES CONTROL, Plaintiff-Appellee,
v.
Albert CAMPBELL, individually and as Trustee of the Victor
Muscat Testamentary Trusts and Executor of the Estate of
Victor Muscat; Charles Tackman, individually and as trustee
of the Victor Muscat Testamentary Trusts and Executor of the
Estate of Victor Muscat; Robert Tiberiis, individually and
as Trustee of the Victor Muscat Testamentary Trusts and
Executor of the Estate of Victor Muscat; Vic Inc., a New
Jersey Corporation; Clay McGowan; Middletown Moulding Co.,
a California Corporation; Sierra Pacific Industries, a
California Corporation; Fay McGowan; Gerald Richter;
Linda Richter; Tupack Verpackungen Gesellschaft MBH, Defendants,
and
CHICO CITY, Defendant-Appellee,
v.
WESTERN RESOURCES, INC., Receiver of the Victor Muscat
Testamentary Trusts, Defendant-Appellant.
 No. 97-15308
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 9, 1997.
Decided March 9, 1998.
 
 Thomas H. Clarke, Jr., Susan H. Handelman, Ropers, Majeski, John & Bentley, Redwood City, CA, for defendant-appellant Western Resources, Inc.
 Sandra Goldberg, Deputy Attorney General, Oakland, CA, for plaintiff-appellee State of California, Department of Toxic Substance Control.
 Dale C. Campbell, L. Burda Gilbert, Weintraub, Genshlea & Sproul, Sacramento, CA, for defendants Albert Campbell and Charles Tackman, as Executors of the Estate of Victor Muscat.
 Francis M. Goldsberry, III, Diepenbrock, Wulff, Plant & Hannegan, Sacramento, CA, for defendant-appellee Chico City.
 Appeal from the United States District Court for the Eastern District of California; Garland E. Burrell, District Judge, Presiding. D.C. No. CIV-S-93-00604GEB/JFM.
 Before: BROWNING, PREGERSON, and HAWKINS, Circuit Judges.
 PREGERSON, Circuit Judge:
 
 
 1
 This case arises from California's attempts to prompt the Defendants to clean up contamination caused by almost two decades of dumping hazardous chemicals onto the ground.[1] We must decide whether the Eleventh Amendment immunizes one of the defendants, Western Resources, from being sued in federal court because Western Resources is a receiver appointed by a Connecticut state court. We hold that the Eleventh Amendment does not immunize a receiver who is sued solely in its representative capacity.[2] We therefore affirm.
 
 I.
 
 2
 Victor Muscat owned Victor Industries, a manufacturing plant where workers disposed of hazardous chemicals by dumping them on the ground. After Muscat died, the State of California filed a complaint in federal court against the executors of Muscat's estate and the trustees of his testamentary trusts. The complaint, which asserted both federal and state law claims, sought to clean up the contamination and recover the money that California had spent responding to the contamination.
 
 
 3
 About two years after California filed its complaint in federal court, the Connecticut Superior Court, which had jurisdiction over Muscat's estate and trusts, removed the trustees at their request and appointed Western Resources as receiver over the trusts. Because the trustees were no longer responsible for Muscat's assets, the federal court in California substituted Western Resources into the federal action in place of the trustees.
 
 
 4
 Western Resources moved for summary judgment on the ground that it is immune under the Eleventh Amendment from being sued in federal court. Western Resources contended that, as a receiver appointed by the Connecticut court, it is an arm of the Connecticut court and therefore an arm of Connecticut itself. As an arm of Connecticut, Western Resources argued, it is entitled to Connecticut's Eleventh Amendment immunity. The district court denied Western Resources's motion, and Western Resources appealed.
 
 II.
 
 5
 Generally, parties may not appeal district court orders before the entry of a final judgment. 28 U.S.C. § 1291. Denials of motions for summary judgment are therefore not usually immediately appealable. Nevertheless, under a narrow exception to this rule, parties may appeal from an interlocutory order if the order conclusively determines the issue in the trial court, resolves an important question independent of the subject matter of the litigation, and is effectively unreviewable on appeal from a final judgment. Armendariz v. Penman, 75 F.3d 1311, 1316 (9th Cir.1996) (en banc) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457-58, 57 L.Ed.2d 351 (1978)). We have applied this exception to cases in which Eleventh Amendment immunity was at issue "because the central benefit of immunity, the right not to stand trial in the first instance, is effectively lost if a case is erroneously permitted to proceed to trial." Sofamor Danek Group, Inc. v. Brown, 124 F.3d 1179, 1183 n. 2 (9th Cir.1997). This case falls within the exception. We therefore have jurisdiction over Western Resources's interlocutory appeal.
 
 III.
 
 6
 We review de novo whether a party is immune under the Eleventh Amendment. Id.
 
 IV.
 
 7
 The Eleventh Amendment provides that the jurisdiction of the federal courts "shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States." U.S. Const. amend. XI. "It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, ----, 117 S.Ct. 900, 903, 137 L.Ed.2d 55 (1997).
 
 
 8
 Thus, to invoke the Eleventh Amendment, Western Resources must satisfy two requirements: it must show that California's lawsuit is "against" Western Resources and that Western Resources is an "arm" of Connecticut.
 
 
 9
 Both Western Resources and California discuss only the latter requirement. After addressing the relevant factors, California contends that Western Resources is not an arm of Connecticut and Western Resources contends that it is an arm of Connecticut.
 
 
 10
 To resolve this case, however, we need not get in the middle of this debate because Western Resources has not satisfied the threshold requirement for establishing Eleventh Amendment immunity. It has not shown that California's action is "against" a state or an arm of the state. See U.S. Const. amend. XI (granting states immunity from cases "against one of the United States" (emphasis added)).
 
 
 11
 Although Western Resources is named as a defendant in California's complaint, California's lawsuit is not against Western Resources; rather, it is against those who allegedly polluted the soil and groundwater at the manufacturing plant. California named Western Resources as a defendant because Western Resources is responsible for the assets formerly owned by the alleged polluters. California cannot directly sue those responsible for the pollution because they no longer exist: Victor Muscat died, many of his assets were dispersed into trusts, and the trustees either died or quit.
 
 
 12
 These facts make all the difference. Cases that recognize an entity's Eleventh Amendment immunity are cases where the court is asked to determine the rights or liabilities of that entity. See, e.g., Franceschi v. Schwartz, 57 F.3d 828 (9th Cir.1995) (determining whether municipal court commissioner violated civil rights laws); Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103 (9th Cir.1987) (determining whether court and jury commissioners were liable for not providing sign-language interpreters); O'Connor v. Nevada, 686 F.2d 749 (9th Cir.1982) (determining whether State Bar of Nevada violated civil rights laws). Conversely, the Eleventh Amendment does not apply in cases where the entity invoking the immunity is sued only in its representative capacity. See Excess and Casualty Reinsurance Ass'n v. Insurance Comm'r of Cal., 656 F.2d 491 (9th Cir.1981) (holding that an action naming a state entity as a defendant did not constitute an action against the state because the state entity was sued in its capacity as receiver); Finkielstain v. Seidel, 857 F.2d 893 (2d Cir.1988) (same).
 
 
 13
 Thus, the Eleventh Amendment only applies in cases where the courts are asked to determine the rights and liabilities of the entity invoking the immunity. California's lawsuit does not seek to determine Western Resources's rights and liabilities. It does not seek to recover Western Resources's assets, but rather the assets over which Western Resources is the receiver. California's lawsuit is therefore not "against" Western Resources. Thus, even if Western Resources could show that it is an arm of Connecticut, it could not invoke the Eleventh Amendment to defeat California's action. We therefore affirm the decision below.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The factual background of this case is explained in more detail in a companion appeal filed by Albert Campbell and Charles Tackman, the appellant's codefendants. That companion appeal can be found at California v. Campbell, 138 F.3d 772 (9th Cir.1998)
 
 
 [2]
 We neither address nor decide whether the Eleventh Amendment immunizes court-appointed receivers who are sued for their own conduct