UNITED STATES LIFE INSURANCE
COMPANY,* Petitioner—
Appellant,

v.

INSURANCE COMMISSIONER OF
THE STATE OF CALIFORNIA, in his
Capacity as Liquidator of Respon-
dents; Superior National Insurance
Company; et al., Respondents—Appel-
lees.

No. 05–55588.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Decided Nov. 28, 2005.

As Amended on Denial of Rehearing and
Rehearing En Banc Jan. 10, 2006.

---

* When the petition for review was filed in Unit-
ed States District Court, the parties and the
court agreed that all documents were to be
filed under seal. During the course of appel-
late proceedings, the parties jointly moved to
unseal the appellate briefs and the disposition
of this case. We grant the parties' motion in
a separate order filed concurrently with this
disposition.

Before: KLEINFELD, TASHIMA and FISHER, Circuit Judges.

## MEMORANDUM**

United States Life Insurance Company (U.S.Life) entered into a contract with Superior National Insurance Company and other insurers (collectively, Cedents) in May 1998, whereby U.S. Life agreed to reinsure insurance policies worth more than $1 billion issued by Cedents. U.S. Life allegedly discovered evidence of material nondisclosure by Cedents after entering into the reinsurance contract and requested arbitration. In the midst of arbitration, Cedents were judged insolvent

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and their assets were seized by the California Insurance Commissioner (Commissioner), who now appears as a party in this suit as the statutory liquidator of Cedents. The arbitration panel reformed the reinsurance contract, reducing the liabilities ceded to U.S. Life by 10 percent. The district court denied U.S. Life's petition to vacate the arbitral award. We affirm. Because the parties are familiar with the facts, we do not recite them in detail.

## I.

The Commissioner contends that the district court lacked jurisdiction over the petition for review of the arbitral award because (a) U.S. Life had "voluntarily invoked state court jurisdiction" before petitioning the federal district court and was bound to continue proceedings in state court, (b) a state court injunction prohibited the petition from being heard in district court and (c) the Commissioner is acting in his official capacity as the successor in title to the Cedents' assets and is immune from suit under the Eleventh Amendment of the United States Constitution. These arguments are without merit. We hold that the district court properly exercised jurisdiction over the petition for review of the arbitral award.

■ U.S. Life "invoked" state jurisdiction merely for the purpose of lifting a state injunction that had stayed ongoing arbitration proceedings. U.S. Life did not petition a state court to vacate the arbitral award, and there is no danger that a federal and state court would adjudicate different portions of the same controversy as the Commissioner argues in reliance on a 1920s, out-of-circuit case. *See Marchant v. Mead–Morrison Mfg. Co.*, 29 F.2d 40, 43 (2d Cir.1928). Even if U.S. Life *had* challenged the arbitration award in parallel state court proceedings, when "federal courts and state courts ... find themselves exercising concurrent jurisdiction over the same subject matter, ... a federal court generally need neither abstain (i.e., dismiss the case before it) nor defer to the state proceedings (i.e., withhold action until the state proceedings have concluded)." *Growe v. Emison*, 507 U.S. 25, 32, 113 S.Ct. 1075, 122 L.Ed.2d 388 (1993).

■ In its November 13, 2000 order lifting the stay of proceedings with respect to the arbitration between U.S. Life and Cedents, the Los Angeles County Superior Court ordered that the prior stay of proceedings "shall not deprive USLife of any of its rights or remedies in connection with the Arbitration." Petitioning the district court for review of the arbitral award is one of U.S. Life's rights in connection with the arbitration. We conclude that the district court was not precluded from hearing the petition for review by the California courts' general stays of proceedings against Cedents.

■ Lastly, Eleventh Amendment immunity does not apply where a state officer is being sued not for individual wrongdoing or in his official capacity, but only in his "representative capacity" as a receiver of assets formerly belonging to parties who would otherwise be the targets of a suit were they not insolvent.[1] *See California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 784, 785, 786–87 (9th Cir.1998). Under California insurance law, "[w]hen the Commissioner takes title to the assets of an insolvent insurer ..., he holds them as a trustee for the benefit of private parties, and they never become part of the public treasury."

---

1. The Eleventh Amendment provides that the jurisdiction of the federal courts "shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States." U.S. Const. amend. XI.

*State v. Altus Fin., S.A.,* 36 Cal.4th 1284, 32 Cal.Rptr.3d 498, 116 P.3d 1175, 1186 (2005). Therefore, this suit is "truly one against the possessor, the government agent, and not against the sovereign, despite the fact that the agent purported to possess on behalf of the sovereign." *Taylor v. Westly,* 402 F.3d 924, 932 (9th Cir. 2005). Because "the Eleventh Amendment does not apply in cases where the entity invoking the immunity is sued only in its *representative capacity,*" *Campbell,* 138 F.3d at 787 (emphasis in original), the district court properly exercised jurisdiction over the petition for review.

## II.

U.S. Life contends that the arbitrators "exceeded their powers," 9 U.S.C. § 10(a)(4) (2005), because the arbitrators' reformation of the reinsurance contract exhibited a "manifest disregard of law" and was "completely irrational." *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.,* 341 F.3d 987, 997 (9th Cir.2003) (en banc). U.S. Life also contends in the alternative that the arbitral award should be vacated because "it is contrary to public policy." We disagree and affirm the district court's denial of U.S. Life's petition to review the arbitral award.

With the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, Congress has given federal courts "an extremely limited review authority" over arbitration proceedings. *Kyocera,* 341 F.3d at 998.[2] "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award ..." *Id.* at 994. "Congress' principal purpose [in passing the FAA was] ensuring that private arbitration agreements are enforced according to their terms." *Volt Info. Sciences, Inc.*

*v. Bd. of Tr. of Leland Stanford Jr. Univ.,* 489 U.S. 468, 478, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

The arbitration clause of the reinsurance contract between U.S. Life and Cedents states in part:

[I]n the event of any dispute or difference of opinion hereafter arising with respect to this Contract, it is hereby mutually agreed that such dispute or difference of opinion shall be submitted to arbitration.... The Arbiters shall consider this Contract as an honorable engagement rather than merely as a legal obligation and they are relieved of all judicial formalities and may abstain from following the strict rules of law.

The arbitration panel ruled that the contract was not to be rescinded, but was to be reformed to reduce U.S. Life's reinsurance obligations by 10 percent because "Cedents should have acted in a more open and forthright manner."

■ Given our deferential standard of review for arbitral awards and the terms of the contract voluntarily entered into by U.S. Life, its argument that the arbitrators' reformation remedy exhibits a "manifest disregard of law" must fail. *Kyocera,* 341 F.3d at 997. California Insurance Code Section 331 "entitles [an] injured party to rescind insurance" when there has been "concealment," defined in Section 330 as a "[n]eglect to communicate that which a party knows, and ought to communicate." We do not agree with U.S. Life's contention that the arbitrators' comment regarding Cedents's candor is the legal equivalent of a finding of "concealment" under Section 330. Rather, we agree with the district court that "[t]he statement falls conspicuously short of

---

**2.** None of the parties has argued that the FAA does not apply to U.S. Life's petition for review of the arbitral award. We assume the

FAA's applicability in this case without so deciding.

making any such finding." Furthermore, even if the arbitrators' statement did amount to a finding of "concealment," U.S. Life agreed that the arbitrators "shall consider th[e] [Reinsurance] Contract as an honorable engagement" and "may abstain from following the strict rules of law." The contract gave the arbitrators such wide latitude to resolve disputes that when combined with our inability to vacate even "erroneous legal conclusions" in an arbitral award, *Kyocera,* 341 F.3d at 994, we conclude that the arbitrators did not exhibit a "manifest disregard of law," *id.* at 997, and acted well within the powers granted to them under the contract. *See* 9 U.S.C. § 10(a)(4).

■ U.S. Life's contention that the arbitral award was "completely irrational," *Kyocera,* 341 F.3d at 997, is without merit. U.S. Life asserts that Cedents failed to disclose that the reserves they held for the insurance policies they sought to have reinsured were short by $100 to $300 million. Therefore, it was rational for the arbitrators to accept the low end of that reserve shortfall as the measure of U.S. Life's actual economic injury and consequently reduce U.S. Life's approximately $1 billion reinsurance liability by 10 percent.

■ Lastly, the arbitral award does not violate California's public policy "to promote full disclosure in reinsurance transactions." Although the Supreme Court has recognized in principle that an arbitral award that violates public policy may be vacated for that reason, "the public policy exception is narrow." *E. Associated Coal Corp. v. United Mine Workers, Dist. 17,*

531 U.S. 57, 63, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000). Even if we accept U.S. Life's characterization of California's public policy with respect to reinsurance transactions, we must also consider that the California "Legislature has expressed a strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution," and California "courts will indulge every intendment to give effect to such proceedings." *Moncharsh v. Heily & Blase,* 3 Cal.4th 1, 10 Cal.Rptr.2d 183, 832 P.2d 899, 902 (1992) (internal citations and quotations omitted). If we vacate the arbitral award as U.S. Life urges, we risk violating California's public policy to "indulge every intendment to give effect to" the arbitral award. Moreover, U.S. Life fails to show how the arbitrators' reformation of the contract, an award with a likely monetary value in excess of $100 million, violates California's public policy "to promote full disclosure in reinsurance transactions." Quite the opposite. The arbitral award in this case supports California's public policy by granting U.S. Life some relief even when the nondisclosure by Cedents stopped short of "concealment."

AFFIRMED.[3]

***

**3.** *Garamendi v. Cal. Compensation Ins. Co.,* No. B177760, 2005 WL 3485747 (Cal.Ct.App. Dec. 21, 2005), decided after our decision was filed, does not affect the analysis in this case. As the parties agreed, this case is governed by the Federal Arbitration Act and the issue was the scope of judicial review of an arbitration award under 9 U.S.C. § 10(a)(4). In contrast, the issue in *Garamendi* was the scope of judicial review of an arbitration award under the California arbitration statute. *See* Cal. Civ. Code § 1286.2(a)(4).