**Clarence Moses WILLIS,**
**Plaintiff–Appellant,**

v.

**Dennis FIDDAMENT, CHP Officer ID # 11755; et al., Defendants–Appellees.**

**No. 05–17018.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 27, 2007.

Clarence Moses Willis, Shasta Lake, CA, pro se.

William Krabbenhoft, Office of the California Attorney General, Terence John Cassidy, Porter Scott Weiberg & Delehant, Sacramento, CA, for Defendants–Appellees.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Clarence M. Willis appeals pro se from the district court's judgment dismissing his civil rights action alleging that the State of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

California, a state court judge, a county prosecutor, and a California Highway Patrol officer violated his constitutional rights in connection with a traffic citation and subsequent state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's judgment de novo, *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003) (subject matter jurisdiction); *Franceschi v. Schwartz,* 57 F.3d 828, 830 (9th Cir.1995) (failure to state a claim); *Harvey v. Waldron,* 210 F.3d 1008, 1011 (9th Cir.2000) (judicial immunity); *Herb Hallman Chevrolet, Inc. v. Nash–Holmes,* 169 F.3d 636, 642 (9th Cir. 1999) (prosecutorial immunity); *State of Cal. v. Campbell,* 138 F.3d 784, 786 (9th Cir.1998) (Eleventh Amendment), and we affirm.

To the extent Willis seeks federal court review of the judgment in his state-court traffic case, the district court properly dismissed the action for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

The district court properly dismissed Willis's claims against the State of California as barred by the Eleventh Amendment. *See Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam). The Eleventh Amendment also bars Willis's claims against Officer Fiddament in his official capacity. *See Pena v. Gardner,* 976 F.2d 469, 472 (9th Cir.1992). To the extent Willis sued Officer Fiddament in his personal capacity, the district court properly dismissed because a judgment in Willis's favor would necessarily imply the invalidity of his traffic conviction. *See Heck v.*

---

*Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The district court properly dismissed Willis's claims against Judge Lazard and District Attorney Burns on grounds of judicial and prosecutorial immunity. *See Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986) (en banc).

Willis's contention that the magistrate judge was required to secure Willis's consent before adjudicating the parties' pretrial motions is unavailing. *See* 28 U.S.C. § 636(b)(1)(A)-(B).

Willis's remaining contentions lack merit.

**AFFIRMED.**