**Paul R. JONES, Plaintiff–Appellant,**

v.

**SALT RIVER PIMA–MARICOPA INDIAN COMMUNITY; et al., Defendants–Appellees.**

No. 06–15736.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Paul R. Jones, Phoenix, AZ, pro se.

---

the United States in violation of law is inadmissible." 8 U.S.C. § 1182(a)(6)(E)(i).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. We therefore deny Jones' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Carrie J. Brennan, Office of the Arizona Attorney General, Phoenix, AZ, Grant R. Vinik, Esq., Patricia Mack Bryan, Office of Senate Legal Counsel, Geraldine R. Gennet, David Plotinsky, U.S. House of Representatives, Office of General Counsel, Washington, DC, for Defendants–Appellees.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Paul R. Jones appeals pro se from the district court's judgment dismissing his action alleging that the State of Arizona and its Governor, various United States Senators and Representatives, and his former tribal employer violated his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Sahni v. Am. Diversified Partners,* 83 F.3d 1054, 1057 (9th Cir.1996), we affirm.

The district court properly concluded that Jones lacked standing to bring his claims against the various federal defendants. *See Bennett v. Spear,* 520 U.S. 154, 167, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (plaintiff must have suffered an "injury in fact," the injury must be fairly traceable to the conduct of the defendant, and the plaintiff must establish that a favorable federal court decision would be likely to redress the injury).

The district court also properly concluded that Jones' claims against the state defendants, to the degree they are intelligible, are barred by the Eleventh Amendment. *See Franceschi v. Schwartz,* 57

F.3d 828, 831 (9th Cir.1995) (per curiam) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.").

Finally, the district court properly dismissed the claims against the tribal defendants because Jones did not serve those defendants with his complaint and summons in accordance with the procedures mandated by Fed.R.Civ.P. 4. *See Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir.1982) (unless there is "substantial compliance" with Rule 4, even actual notice will not provide personal jurisdiction).

Jones' remaining contentions also lack merit.

We deny all pending motions as moot.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

