FILED

JUL 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PHILIP C. BIKLE,

              Plaintiff - Appellant,

v.

TRAFFIC SUPERVISOR MARTHA, in
her individual capacity; et al.,

              Defendants - Appellees.

No. 13-56504

D.C. No. 8:13-cv-00911-DOC-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 22, 2015[**]

Before:      HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

     Philip C. Bikle appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising out of the issuance of a

traffic citation.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)), and we affirm.

The district court properly dismissed Bikle's action because defendants are entitled to judicial and quasi-judicial immunity. *See Franceschi v. Schwartz*, 57 F.3d 828, 830-31 (9th Cir. 1995) (commissioner was entitled to judicial immunity from damages liability for claims arising out of the issuance of a bench warrant and setting bail); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (court clerks are entitled to absolute quasi-judicial immunity from damages claims when they perform tasks integral to the judicial process); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (judges are entitled to absolute judicial immunity from a damages action arising out of judicial acts).

Contrary to Bikle's contentions, defendants did not act in complete absence of subject matter jurisdiction. *See* Cal. Penal Code § 959.1(c)(1) (authorizing the electronic filing of an accusatory pleading by "a clerk of the court with respect to complaints issued for the offense of failure to appear, pay a fine, or comply with an order of the court"); *Steen v. Appellate Div., Superior Court*, 331 P.3d 136, 139-42 (Cal. 2014) (the practice of authorizing court clerks to issue complaints under Cal. Penal Code § 959.1(c)(1) does not violate separation of powers).

The district court did not abuse its discretion by dismissing Bikle's action

without leave to amend because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review).

Bikle's contention that the district court erred in failing to hold an evidentiary hearing on the validity of the notice to appear is unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**