**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERY GASPARD; YVONNE HRINDICH, | No. 16-56589 |
| Plaintiffs-Appellants, | D.C. No. 5:15-cv-01802-BRO-KES |
| v. | MEMORANDUM[*] |
| DEA TASK FORCE, a joint powers police force; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Amery Gaspard and Yvonne Hrindich appeal pro se from the district court's

judgment dismissing their 42 U.S.C. § 1983 action alleging federal claims arising

from two searches of their home.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion a dismissal for failure to service in a timely manner. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (dismissal for failure to serve timely under Fed. R. Civ. P. 4(m), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). We affirm.

The district court did not abuse its discretion by dismissing plaintiffs' claims against individual defendants because plaintiffs failed to serve the summons and complaint in a proper manner or to show good cause for this failure. *See* Fed. R. Civ. P. 4(m) (requiring service within 90 days after the complaint is filed); *In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001) (discussing good cause and district court's broad discretion to extend time for service or to dismiss the action without prejudice).

The district court did not abuse its discretion in awarding partial attorney's fees to the County of Riverside under 42 U.S.C. § 1988 on the basis of its determination that plaintiffs' claims against the County were "unreasonable, frivolous, meritless, or vexatious." *Franceschi v. Schwartz*, 57 F.3d 828, 832 (9th Cir. 1995) (citation and quotation marks omitted); *see also Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005) (setting forth standard of review).

We reject as without merit plaintiffs' contention that the district court improperly struck their Americans with Disabilities Act claim against the County of San Bernardino arising out of Gaspard's detention at the West Valley Detention

Center.  *See* Fed. R. Civ. P. 15(a)(2) (other than amending "as a matter of course," a plaintiff may amend his or her complaint "only with the opposing party's written consent or the court's leave").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' motions for leave to file a late reply brief (Docket Entry Nos. 28, 33) are granted.  The Clerk shall file the reply brief submitted at Docket Entry No. 32.

**AFFIRMED.**