NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIMOTHY HUNTLEY WILLIAMS,

        Plaintiff - Appellant,

 v.

STATE OF ARIZONA; ROGER
HARTSELL, Magistrate; UNKNOWN
SPIRES, Officer; PAUL PENZONE, AKA
Paul Pensone, Sheriff; ATTORNEY
GENERAL OF THE STATE OF
ARIZONA; MESA POLICE
DEPARTMENT; MARICOPA COUNTY
SHERIFF'S OFFICE; UNKNOWN
PARTY, named State of Arizona Magistrate
Maricopa County Superior Court,

        Defendants - Appellees.

No. 23-2143

D.C. No. 2:23-cv-00712-SPL--ESW

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted November 20, 2024**

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:      CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Timothy Huntley Williams appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Williams's action because the State of Arizona and its courts are entitled to sovereign immunity, defendant Hartsell is entitled to absolute judicial immunity, Williams failed to allege facts sufficient to show that defendant Spires arrested Williams without probable cause or that defendant Penzone personally participated in any constitutional deprivation, and Williams failed to allege facts sufficient to state any claim against the Arizona attorney general. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (explaining that the "absence of probable cause is a necessary element of [a] § 1983 false arrest" claim); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (explaining that liability under § 1983 requires showing of personal participation in the alleged rights deprivation); *Duvall v. County of Kitsap*, 260

F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to absolute judicial immunity); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.").

We reject as unsupported by the record Williams's contentions that the district court was biased against him.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**